**IN THE COURT OF APPEALS OF IOWA**

No. 14-1989
Filed February 11, 2015

**IN THE INTEREST OF Q.C.,**
**Minor Child,**

**R.C., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Dallas County, Virginia A. Cobb, District Associate Judge.

A father appeals the termination of his parental rights to his child, born in mid-2013. **AFFIRMED.**

DuWayne J. Dalen of Finneseth, Dalen & Powell, P.L.C., Perry, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Sean P. Wiser, County Attorney, for appellee State.

Thomas P. Murphy of Hopkins & Huebner, P.C., Adel, for appellee intervenor.

Kayla Stratton of the Des Moines Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

A father appeals the termination of his parental rights to his child, born in mid-2013. He contends (1) "the [juvenile] court was incorrect in concluding that the State had shown by clear and convincing evidence that [he] had abandoned the minor child pursuant to [Iowa Code] [s]ection 232.116(1)(b) [(2013)]" and (2) "the [juvenile] court was incorrect in finding no exception to termination based upon Iowa Code [s]ection 232.116(3)(a)," as well as sections (c) and (e).

**I.**     The juvenile court terminated the father's parental rights on several grounds, including abandonment pursuant to Iowa Code section 232.116(1)(b). We may affirm if we find clear and convincing evidence to support any of the grounds cited by the juvenile court. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). On our de novo review, we are convinced termination was appropriate under Iowa Code section 232.116(1)(h), which requires proof of several elements, including proof the child could not be returned to the parent's custody.

The child was removed from the mother at birth based on the presence of opiates in the child's system. She was adjudicated in need of assistance and was initially placed with a relative of the mother. The child was later transferred to the West Des Moines home of the father's father and step-mother, where she remained through the balance of the proceedings.

Like the mother, the father was addicted to opiates. He underwent inpatient treatment at three facilities, most recently at an institution in Minnesota. On completion of the third program, he moved to a "sober house" in the Minneapolis/St. Paul area. He characterized the treatment there as "extended outpatient" and stated he was two months into the eighteen-month commitment

to the program. At the termination hearing, he testified he would likely remain at the sober house for six or seven more weeks. He acknowledged five of the twelve people staying at the house with him had been kicked out for using opiates. He also acknowledged he was in the early stages of recovery, having maintained his sobriety for only 115 days.

The father had limited contact with his daughter during his third inpatient and extended outpatient stays. While he visited Iowa on occasional weekends and hoped to return to the Des Moines area after his stay at the sober house, he conceded his plan to complete the balance of his outpatient commitment in Des Moines was contingent on the recommendation of the extended outpatient treatment center.

Like the juvenile court, we conclude the father was not in a position to have the child returned to his custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4). Because this ground was proven, we find it unnecessary to address the father's challenge to the abandonment ground cited by the juvenile court.

*II.* The father next contends termination was not in the child's best interests because a relative had legal custody, he shared a close bond with the child, and his absence was due to his stay at an institution. *See* Iowa Code § 232.116(3)(a), (c), (e). The juvenile court questioned the father extensively about his safety plan for the future and his internal commitment to sobriety. The court concluded termination was in the child's best interests.

The court's conclusion finds support in the record. An evaluation from the most recent inpatient treatment facility expressed concern with the lack of

structure in the father's life, a factor that enhanced the likelihood of a relapse. Additionally, the father's limited interaction with the child during the several months preceding the termination hearing and his unavailability to test his ability to independently parent the child militate in favor of termination. Finally, while Iowa Code section 232.116(3)(a) grants the court discretion to deny the State's request to terminate parental rights if a relative has legal custody of the child, we conclude the juvenile court acted appropriately in declining to apply the exception.

**AFFIRMED.**